### No. 706

BUCYRUS EQUITY CO. et v. OBERLANDER

No. 19237. Supreme Court

On motion to certify. Dock. July 2, 1925; 3 Abs. 417.

**54. AGENCY—Can agent recover full compensation for services when his conduct in handling principal's business, has been such as to entail great loss to him, by reason of agent's misconduct without direction of principal?**

**651. INTEREST—Can interest be allowed on unliquidated demands and if so from what date does interest begin?**

Henry Oberlander owned and operated a general elevator and the business of dealing in farm products and buying and selling mill feed, such as flour etc. In December 1919, the Bucyrus Equity Co. which was an association of farmers in the locality bought the interests of Oberlander which consisted of his elevator and elevator business. The price was $17,500, which was paid and the Company was to take over the business Jan. 1, 1920.

The company was organized for the purpose of buying and selling farm products and commodities and merchandise, including live stock, grain, hay, lumber, coal, stone, etc., being about the same business Oberlander had been conducting. Oberlander was retained by the company as its general manager at a salary of $2500 per year.

Oberlander was careless with the company's property, having all or most of it at his disposal. No memoranda of receipts were kept, the records as to collections were not kept. The company, after several months, having grown suspicious, placed auditors on the books but no accurate audit could be made due to the confused state of the books and records.

The Company had insisted repeatedly that Oberlander submit an accounting or a statement of conditions of affairs. This demand for an accounting was not complied with, and he absolutely refused to make the correct accounting. Invoices which Oberlander had promised the company on stock bought by it were never furnished although he was with the company over a year, leaving at request of the company.

In July 1921, Oberlander brought suit in the Crawford Common Pleas against the company for $20,555.66, claiming to be due him by reason of his salary; an amount due on merchandise claimed to have been sold to the company but for which there was no invoice; for money loaned or advanced to the company and for certain other items alleged to have been sold by Oberlander to the Company.

The company set forth that by reason of the management by Oberlander large losses resulted to it; that he failed, refused and neglected to render an accounting; that if he did advance money as he claimed, it was without knowledge or authority of the company; that he was not entitled to compensation by reason of his misconduct.

A finding was made by a Master Commissioner by which Oberlander was favored in the sum of $10,712.29 with interest from April 24, 1922 to May 5, 1924. The Common Pleas approved the finding, but this was modified by the Court of Appeals which adjudged that the amount due Oberlander be $11,795.11 which included interest to Jan. 5, 1925; and that costs be taxed one third against the company and two thirds against Oberlander.

In the Supreme Court the company contends: That the burden of proof rested upon Oberlander to account to it, and it was not incumbent upon the company to prove that Oberlander had its money.

It is further contended that the agent must make an accounting to its principal before he can maintain an action at law for any amount claimed to be due him. It is claimed that Oberlander did not do this, against the rules and regulations of the company.

It is claimed that an agent cannot without authority or knowledge or consent of his principal loan or advance money to said principal, or pay debts, or alleged overdrafts of the principal, which overdrafts were occasioned, if they existed, by the agent's conduct, and then charged the principal therewith.

The company set forth that in the Master's report he found, "The loose way of doing business by Oberlander was the cause of the misunderstanding and this lawsuit and the expense thereof." Therefore it is contended that Oberlander is not entitled to full compensation which was allowed him by the court below. In conclusion it is claimed that it is not allowable on un liquidated demands until adjudication.

Attorneys—O. W. Kennedy, Bucyrus, for Company; W. J. Geer, Galion, for J. E. Faulk-ner, Trustee in Bankruptcy for Company; Chas. F. Schaber and L. C. Feighner, Bucyrus, for Oberlander.